IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Dean Hornsby, ) | C/A No. 0:11-1749-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Phillip Thompson; Debroah Hipp; Tom ) | |
| Fox; Tom Rice; Harold Worley; Brent ) | |
| Schultz; Marion Foxworth; Gary Loftus; ) | |
| Paul Prince; Bob Grabowski; James ) | |
| Frazier; Carl Schwartzkopf; W. Paul ) | |
| Prince; Jody Prince; Al Allen, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Christopher Dean Hornsby, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a local pretrial detainee and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that Plaintiff's claims should be summarily dismissed, without prejudice and without issuance and service of process, as to all of the defendants except Defendant Debroah Hipp.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

## BACKGROUND

Plaintiff's Complaint, filed on July 20, 2011, alleges that he was arrested on June 9, 2011, and incarcerated in Horry County's J. Reuben Long Detention Center ("JRLDC"). (ECF No. 1 at 4.) Plaintiff alleges that the day before his arrest and incarceration he had been x-rayed and treated in the emergency room ("ER") of Grand Strand Hospital in Myrtle Beach and referred to a specialist at Little River Medical Center for follow-up treatment due to "a large possibility of muscle and/or tendon damage to his wrist and hand." (Id.) Plaintiff alleges that the ER physician advised Plaintiff to "alternate hot and cold compresses until he could see a specialist." (Id.) Plaintiff alleges that:

> upon his arrest, he immediately advised the medical staff of his injury and his need to see a specialist. More than two weeks later Plaintiff was seen by Debroah Hipp, nurse practitioner and medical director at J. Reuben Long Detention Center. He was diagnosed with carpal tunnel syndrome and prescribed Aleve. Ms. Hipp diagnosed this without a proper medical exam from a distance of greater than 8 feet. Ms. Hipp did not request medical records from the hospital. . . . Plaintiff has suffered needlessly due to the obvious deliberate indifference of the staff at the J. Reuben Long Detention Center.

(Id.) Plaintiff alleges that "Defendants have clearly shown deliberate indifference to Plaintiff's medical condition as defined in 18 USC 4045 and violated Plaintiff's 6th & 8th Constitutional Amendment rights made applicable to the State of South Carolina and Horry County by the 14th Amendment of the United States Constitution." (Id. at 5.) Plaintiff asks for an unspecified amount of actual and punitive damages, plus legal fees and court costs. Plaintiff alleges that the defendants should provide and pay for proper medical treatment of Plaintiff, and should create and maintain proper JRLDC policy for all medical evaluations. Plaintiff asks that Defendant Hipp be subjected to review by the state medical board to determine if any of her actions warrant disciplinary measures, and that criminal

PJG

charges be brought in state court if crimes were committed. Plaintiff asks for an audit by independent experts of all JRLDC medical records and a report to the court of any irregularities. (Id. at 6.)

Plaintiff's Complaint names as Defendants: Phillip Thompson; Debroah Hipp; Tom Fox; Tom Rice; Harold Worley; Brent Schultz; Marion Foxworth; Gary Loftus; Paul Prince; Bob Grabowski; James Frazier; Carl Schwartzkopf; W. Paul Prince; Jody Prince; and Al Allen. However, aside from the above-noted allegations concerning Defendant Hipp, the Complaint's only allegations of each defendant's personal involvement in the alleged deliberate indifference to Plaintiff's serious medical needs are as follows:

> Sheriff Phillip Thompson is a defendant in this action as by his elected authority he is responsible for the operation of the jail. Ms. Debroah Hipp is a defendant by her delegated authority as medical director of the detention center. Mr. Fox is a defendant by his delegated authority as director of the detention center. The remaining defendants are members of the Horry County Council and by their elected authority provide the funding to the J. Reuben Long Detention Center which includes, but is not limited to the medical treatment of inmates.

(Id. at 4-5.)

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a pro se litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer."  Id. at 1949.  Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely."  Id. at 1957 (Souter, J., dissenting).  Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent.  See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

Plaintiff's Complaint makes no specific factual allegations that any of the named Defendants—except Defendant Debroah Hipp—personally caused any harm to Plaintiff through alleged deliberate indifference to Plaintiff's serious medical needs.  There are no specific factual allegations that anyone—other than Defendant Hipp—had actual or



constructive knowledge that Plaintiff was exposed to a substantial risk of serious harm which was allegedly deliberately disregarded by Defendant Hipp, so as to allege that the other named defendants had the requisite culpable state of mind to establish their liability under § 1983 for Plaintiff's alleged injury. Plaintiff does not allege any facts to show the existence of an affirmative causal link between Plaintiff's alleged injury and any action or inaction on the part of Defendants Thompson, Fox, Rice, Worley, Schultz, Foxworth, Loftus, Paul Prince, Grabowski, Frazier, Schwartzkopf, W. Paul Prince, Jody Prince, and Allen, to show that these defendants should be liable under § 1983. In fact, Plaintiff's Complaint makes no factual allegations whatsoever concerning these defendants' involvement in, or knowledge of, any aspect of the medical treatment provided to Plaintiff by Defendant Hipp. The specific factual allegations of the Complaint which allege deliberate indifference to Plaintiff's serious medical needs concern *only* the actions of Defendant Hipp.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this matter be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Thompson, Fox, Rice, Worley, Schultz, Foxworth, Loftus, Paul Prince, Grabowski, Frazier, Schwartzkopf, W. Paul Prince, Jody Prince, and Allen, because Plaintiff's allegations fail to state a plausible claim for which relief may be granted. The Complaint should be served on Defendant Hipp. See Denton v. Hernandez, 504 U.S. 25

(1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

                                                  _____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).