IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Christopher Dean Hornsby, | ) | |
|     Plaintiff, | ) | C.A. No.: 0:11-cv-01749-RBH-PJG |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Debroah Hipp, | ) | |
|     Defendant | ) | |

    Plaintiff, a pretrial detainee proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion on September 14, 2011, in which he complains about a lack of access to a law library at the J. Reuben Long Detention Center and then asks the court to make a law library available to him, or in the alternative, for all statutes and case law referenced by Defendant to be "made available to the Plaintiff's possession." Motion [Docket Entry 20] at 1. This matter is now before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in

part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.[1]  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is

**ORDERED** that Plaintiff's motion [Docket Entry 20] is denied.

---

[1] The court does note that Plaintiff has filed, since the issuance of the Magistrate Judge's Report and Recommendation, a letter [Docket Entry 38] and a motion for subpoena [Docket Entry 40] regarding access to legal materials.  The motion for subpoena is currently pending before the Magistrate Judge for disposition.  Upon review, however, nowhere in either the letter or motion for subpoena does Plaintiff appear to object to the Magistrate Judge's Report and Recommendation.  In addition, even if the court were to construe those other documents as objections to the Report and Recommendation insofar as they also seek access to legal materials, which the court does not, nothing in those other two documents addresses or overcomes the Magistrate Judge's conclusion that Plaintiff's Motion [Docket Entry 20] should be denied based on the fact he is requesting injunctive relief from a party that is not a defendant in the instant action.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 20, 2011